THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* BERT WATERS, Defendant.

Supreme Court, Cattaraugus County, December 1, 1934.

*A. Edward Krieger, District Attorney,* for the plaintiff.

*Darwin W. Congdon,* for the defendant.

HARRIS, J. The defendant herein has been indicted by the grand jury for a violation of section 1694 of the Penal Law. The specific charge in such indictment is that while being confined in the county jail of the county of Cattaraugus, in pursuance of the provisions of subdivision 2 of section 1221 of the Penal Law, the defendant fled from such jail. The defendant herein moves to dismiss the indictment on the ground that the indictment does not charge him with a crime. The question involved here is whether or not confinement to the county jail in accordance with section 1221 of the Penal Law is for a crime, for if such confinement is not for a crime, then the escape from prison of a person so confined is not a violation of section 1694 of the Penal Law.

Prior to its amendment by chapter 700 of the Laws of 1911 the section read in part as follows: " Any person intoxicated in a public place is guilty of a misdemeanor, and may be arrested without warrant while so intoxicated." By such amendment the words " is guilty of a misdemeanor " were stricken out. It is true that the section is a part of the statute (Penal Law) which prescribes what is criminal in this State. As the section read prior to the amendment of 1911 the act of public intoxication was specified as a crime, and so such section was properly placed in the Penal Law. Chapter 700 of the Laws of 1911, above referred to, amended not only section 1221 of the Penal Law, but also the General Municipal Law. I am of the opinion that in making this amendment the Legislature no longer intended intoxication in a public place (as covered by section 1221 of the Penal Law) should be a crime, but rather· that the process of taking care of inebriates should be by method other than that of the criminal law. Being of the opinion that the Legislature, by the amendment above referred to, did intend that intoxication in a public place as discussed in section 1221 of the Penal Law should no longer be regarded as a crime, I reach the further conclusion that the defendant at the time of his escape from the jail of the county of Cattaraugus was not therein confined for a crime, and, therefore, cannot be indicted for a violation of section 1694 of the Penal Law.

The motion of the defendant to dismiss the indictment is granted.