THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* TOBEY
RESON, Defendant.

County Court, Broome County, January 13, 1936.

*A. E. Gold, District Attorney [Donald W. Kramer, First Assistant
District Attorney*, of counsel], for the plaintiff.

*John J. Cucci*, for the defendant.

MACCLARY, J. A grand jury sitting with the July term of County
Court of Broome county indicted the defendant for the crime of
jail escape, contrary to section 1694 of the Penal Law.

The indictment charged that the defendant committed the alleged
crime of jail escape on or about the 28th day of June, 1935, in the
town of Dickinson, Broome county, N. Y., where he was then and
there a prisoner confined in the Broome County Jail upon a commit-
ment after conviction on the charge of public intoxication.

The defendant moved for the dismissal of the indictment on the
ground that the said indictment does not allege facts which consti-
tude the crime of jail escape as provided for in said section 1694.

The sole question to decide is whether public intoxication is a
crime as contemplated by the provisions of said section 1694.
That question has been decided in the negative in the case of
*People* v. *Waters* (153 Misc. 686), and for the purposes of this motion
we concur in the decision therein reached.

If the conclusion that public intoxication is not a crime, and not
covered by said section 1694, then we may logically say that one
convicted of vagrancy or being a disorderly person, likewise does
not come within its provisions. So, one confined in a county jail
or other institution upon a conviction and commitment for any of
such offenses, might with impunity, if occasion permitted, walk out
on those in whose legal custody he was in, without fear of the
penalty prescribed in said section. This creates a dangerous
situation, and one of great importance to all the sheriffs of the
State and the custodians of the institutions to which such commit-
ments are made.

For the reasons herein stated, I find and hold that the defendant at the time of his alleged escape was not confined in the Broome County Jail for a crime, and, therefore, the indictment against him for a violation of section 1694 of the Penal Law should be dismissed and an order to that effect may be made and entered accordingly.

On account of the wide public effect of this decision and the one heretofore made upon which this conclusion is predicated, we feel constrained to recommend that an appeal be taken herefrom and, in the event that our contention is sustained by the appellate court, that such remedial legislation be enacted as may be necessary and expedient to remedy what seems to be an existing and unwise situation.