THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* TOBEY RESON, Respondent.*

Third Department, November 11, 1936.

*A. E. Gold, District Attorney [Donald W. Kramer* of counsel], for the appellant.

*John J. Cucci,* for the respondent.

HEFFERNAN, J. The People of the State of New York have appealed from a judgment of the Broome County Court sustaining respondent's demurrer to an indictment charging him with escaping from jail in violation of section 1694 of the Penal Law as a misdemeanor.

That section provides, in substance, that a prisoner, who, being confined in a prison or being in lawful custody of an officer, and who escapes therefrom is guilty of a felony, if confined upon a felonious charge, and of a misdemeanor if he is in custody on that charge.

On June 28, 1935, respondent was a prisoner in the county jail of Broome county under a judgment of conviction for public intoxication. On that day he escaped and was subsequently indicted for such offense. Upon being arraigned in the Broome County Court on such indictment he demurred thereto on the ground that it did not state facts sufficient to constitute a crime. The court sustained the demurrer and dismissed the indictment on the ground that public intoxication as defined by section 1221 of the Penal Law is not a crime within the meaning of section 1694 of the Penal Law.

The pertinent provisions of section 1221 of the Penal Law are:

"Any person intoxicated in a public place may be arrested without warrant while so intoxicated, and be taken before a magistrate having jurisdiction for examination on a charge of public intoxication. If such charge is sustained the court or magistrate shall:

" 1. Release such person on probation for a period not exceeding one year, and may in addition impose a fine not exceeding ten dollars payable in instalments as the court may direct; or

" 2. Impose upon such person a fine not exceeding ten dollars, or a sentence of imprisonment not exceeding six months, or both such fine and imprisonment; or

" 3. Cause such person to be committed to a hospital and industrial colony as provided in subdivision two of section one hundred and thirty-nine-a of the General Municipal Law."

A crime is classified as a felony or a misdemeanor. " A ' felony ' is a crime which is or may be punishable by: 1. Death; or, 2.

Imprisonment in a State prison. Misdemeanor. Any other crime is a ' misdemeanor.' '' (Penal Law, § 2.) By the same section it is provided that a crime " is an act or omission forbidden by law, and punishable upon conviction by:

" 1. Death; or,

" 2. Imprisonment; or,

" 3. Fine; or,

" 4. Removal from office; or,

" 5. Disqualification to hold any office of trust, honor or profit under the State; or,

" 6. Other penal discipline."

A significant amendment to this section was made by section 8 of chapter 485 of the Laws of 1934 by incorporating therein the following provision: " Except that the acts defined as traffic infractions by the Vehicle and Traffic Law, heretofore or hereafter committed, are not crimes."

There is another class of statutory offenses termed special proceedings of a criminal nature such as vagrancy and disorderly conduct which are primarily punishable, not under the Penal Law but under sections 887 and 899 of the Code of Criminal Procedure. These offenses are not classed as crimes at all and are, therefore, not required to be dealt with according to the course of the common law, but may be dealt with summarily. (*People ex rel. Forster* v. *Warden*, 39 Misc. 700.) Persons convicted thereunder are not convicted of any crime, and may, therefore, in addition be tried and convicted of the acts for which they are summarily dealt with when such acts constitute crimes. (*People ex rel. Van Houton* v. *Sadler*, 97 N. Y. 146.)

In reaching the conclusion which it did in the case before us the County Court relied entirely on the authority of *People* v. *Waters* (153 Misc. 686). In that case as in this the defendant was convicted of public intoxication and sentenced to imprisonment in the county jail and while so confined escaped therefrom. He was subsequently indicted for a violation of section 1694 of the Penal Law. The court held that at the time of his escape from jail the defendant was not confined therein for a crime and dismissed the indictment. In its opinion the court called attention to the fact that prior to 1911 section 1221 of the Penal Law, in part, provided: " Any person intoxicated in a public place is guilty of a misdemeanor, and may be arrested without warrant while so intoxicated." This section was amended by chapter 700 of the Laws of 1911 and the words " is guilty of a misdemeanor " were stricken out. From this the court reasoned that the Legislature intended that public intoxication should no longer be regarded as a crime. We are not in accord

with this reasoning and we are convinced that the decision in that case is not a correct interpretation of the law.

Public intoxication is not an offense that may be summarily disposed of by a magistrate. There is no provision for an anomalous proceeding such as is specified in cases of vagrancy or disorderly conduct, where the magistrate is authorized to act upon a summary investigation or trial. Courts of Special Sessions have exclusive jurisdiction to try and determine, according to law, all complaints for violations of section 1221 of the Penal Law. (Code Crim. Proc. § 56-a.) Section 702 of the Code of Criminal Procedure, which applies to Courts of Special Sessions, reads: "Before the court hears any testimony upon the trial, the defendant may demand a trial by jury." Our Constitution and our statutes exempt persons charged with criminal offenses from coercive summary trials without a jury. The fact that one charged with public intoxication is entitled to a jury trial and the aid of counsel clearly indicates that the Legislature did not regard such an offense as a mere minor infraction.

For more than a century it has been the policy of the State to treat public intoxication as a crime. (*Hill* v. *People*, 20 N. Y. 363; *People ex rel. Kopp* v. *French*, 102 id. 583.) In the *Kopp* case the relator was convicted of public intoxication under section 17 of the Excise Act of 1857, as amended by chapter 856 of the Laws of 1869. The court held that he was guilty of a crime and consequently ineligible to hold the office of policeman in the city of New York. The statute under consideration in that case declared it to be the duty of every officer, whenever he should find a person intoxicated in any public place, to apprehend such person and take him before a magistrate whose duty it should be to try him for such offense and, if convicted, the offender should be fined and in case of the non-payment of such fine provision was made for his imprisonment. In its opinion in that case the Court of Appeals said: " The relator was, therefore, legally arrested for the ' offense of intoxication,' and the question for our determination is, was such an offense a crime? It certainly has all the elements of a crime. Public intoxication is offensive to public decency, and dangerous to the good order and well-being of society. The officers charged with the arrest of other criminals are empowered to arrest persons guilty of this offense, and they are required to be tried as criminals and punished as criminals. Public intoxication is declared to be an offense, and, in the statutes, ordinarily the words ' offense ' and ' crime ' are synonymous. Various violations of the Excise Act are made crimes punishable as misdemeanors, and yet in the act they are always called offenses."

It seems to us that undue emphasis is placed upon the amendment to section 1221 by chapter 700 of the Laws of 1911 by which the words " is guilty of a misdemeanor " were eliminated. That amendment clearly did not have the effect of removing public intoxication from the category of crimes. Before such amendment the quoted words were merely surplusage. The section as it existed prior to the amendment clearly defined the offense and the punishment prescribed brought such offense within the definition of misdemeanor contained in section 2 of the Penal Law. It is not necessary that the statute should declare in express terms that an act is either a felony or a misdemeanor; the punishment affixed determines that. Where an offense is not designated by the statute which creates it, either as a felony or a misdemeanor, the grade of such offense is determined by the punishment. (16 C. J. 56.) " It is not the mere name of a crime but the punishment therefor that characterizes it." (*People ex rel. Cosgriff* v. *Craig*, 195 N. Y. 190; *Ex Parte Wilson*, 114 U. S. 417; *People* v. *Kaminsky*, 208 N. Y. 389.) From other sections of the Penal Law it is equally clear that the Legislature never intended to limit misdemeanors to such offenses as were specifically designated such. On the contrary, it appears that the Legislature intended all offenses which are not specifically stated to be punishable by death or imprisonment in a State prison, to be misdemeanors and to be punishable as such.

Section 29 of the Penal Law provides: " Where the performance of any act is prohibited by a statute, and no penalty for the violation of such statute is imposed in any statute, the doing such act is a misdemeanor."

Section 43 likewise provides, in part: "A person who wilfully and wrongfully commits any act which seriously injures the person or property of another, or which seriously disturbs or endangers the public peace or health, or which openly outrages public decency, for which no other punishment is expressly prescribed by this chapter, is guilty of a misdemeanor."

The construction which we have placed upon the statutes under consideration is strengthened by the amendment to section 2 of the Penal Law by chapter 485 of the Laws of 1934, to which we have heretofore referred. By that amendment the Legislature eliminated from the definition of crime certain offenses created by the Vehicle and Traffic Law. Surely the Legislature then understood that the definition of crime contained in section 2 of the Penal Law extended to all cases in which fine or imprisonment was provided as the punishment. If the Legislature by the 1911 amendment intended to remove public intoxication from the list of crimes

it would undoubtedly have made a similar exception. It should require a clear expression of the legislative will to justify the courts in holding that public intoxication is not a crime but merely an act to be prevented. Such an intent should not be left to inference or speculation.

The judgment appealed from is reversed, the demurrer overruled, the indictment reinstated and the respondent is directed to plead thereto.

HILL, P. J., McNAMEE, CRAPSER and BLISS, JJ., concur.

Judgment appealed from reversed on the law, and demurrer overruled, indictment reinstated and the respondent directed to plead thereto.