THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* THOMAS MURPHY, Defendant.

County Court, Monroe County, December 18, 1941.

*Daniel J. O'Mara, District Attorney [Stephen K. Pollard, Assistant District Attorney,* of counsel], for the plaintiff.

*Leland R. Yost,* for the defendant

VAN DUSER, J. The indictment accuses the defendant of escaping from the Monroe County Penitentiary in the town of Brighton, Monroe county, N. Y., on September 17, 1941. He had been convicted and sentenced to that institution on September 8, 1941, for public intoxication. The indictment characterizes public intoxication as " a misdemeanor."

The indictment charges a violation of section 1694 of the Penal Law, which makes an escape from custody or confinement by a prisoner a misdemeanor, if such custody or confinement is " upon a charge, arrest, commitment, or conviction " for a misdemeanor. The district attorney contends that public intoxication is a misdemeanor. The defendant contends that it is not a misdemeanor.

In support of his contention the district attorney cites *People* v. *Reson* (249 App. Div. 54), decided by the Appellate Division, Third Department, on November 11, 1936, the facts in which case are the same as in the instant case and which raised the precise question as is raised here. That court held that public intoxication is a crime, a misdemeanor, and overruled a demurrer which had been interposed as here.

Counsel for the defendant cites three cases in support of his contention: *People* v. *Grogan* (260 N. Y. 138); *Matter of Cooley* v. *Wilder* (234 App. Div. 256); *People* v. *Waters* (153 Misc. 686).

In the *Grogan* case the Court of Appeals held, in a case involving a charge of reckless driving, in violation of section 58 of the Vehicle and Traffic Law, in an opinion by Judge CRANE, among other things, as follows: " Before passing to the attack which has been made upon this statute, we must keep in mind the distinction between a crime, to wit, a misdemeanor, and those minor offenses dealt with summarily by justices of the peace or magistrates, known as disorderly conduct, breach of the peace, etc. The distinction is clearly stated by the Appellate Division of the Fourth Department in *Matter of Cooley* v. *Wilder* (234 App. Div. 256, 259). The court there said: ' In passing we may mention a third class of offenses which are neither felonies prosecuted by indictment and triable by a common law jury (Art. 1, § 2), nor misdemeanors triable by Courts of Special Sessions with or without the statutory jury of six (Art. 6, § 18), but petty offenses triable summarily by a magistrate without a jury. Within this category are cases of persons charged with intoxication, vagrancy, with being disorderly persons, etc.; also many cases of violation of municipal ordinances. (Village Law, § 180; Second Class Cities Law, § 183.) These minor offenses, below the grade of misdemeanors, have always constituted in our law a class by themselves. (*Tenement House Department* v. *McDevitt*, 215 N. Y. at p. 168.) ' "

The case of *Cooley* v. *Wilder* (*supra*), decided by the Appellate Division, Fourth Department, to which the Court of Appeals referred, and from the opinion in which the above-quoted citation is taken, likewise involved a charge of reckless driving in violation of section 58 of the Vehicle and Traffic Law, but therein, as will be noted, held that intoxication is one of the minor offenses *below*

*the grade of misdemeanor*, which constitute, " in our law, a class by themselves."

The case of *People* v. *Waters* (153 Misc. 686) involved exactly the same question as is involved in the instant case. In that case, Mr. Justice HARRIS, now a member of the Appellate Division, Fourth Department, held that intoxication in a public place is no longer regarded as a crime, and dismissed an indictment charging a violation of section 1694 of the Penal Law, as in the instant case.

This court is constrained to follow the above-cited cases of the Court of Appeals and the Appellate Division of this Department, and of the justice who now sits as a member of the latter court. It follows that the demurrer must be sustained.

Submit order.