## FOURTH DEPARTMENT, MARCH, 1942.
(March 11, 1942.)

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* THOMAS MURPHY, Respondent.

All concur, except Dowling and McCurn, JJ., who dissent and vote for reversal and for denial of the motion, in an opinion by Dowling, J. Present — Crosby, P. J., Cunningham, Taylor, Dowling and McCurn, JJ. [177 Misc. 1042.]

DOWLING, J. (dissenting). The respondent was convicted of public intoxication in the city of Rochester and was sentenced to a term of ninety days in Monroe County Penitentiary. While lawfully confined there, he escaped. He was apprehended and indicted for a misdemeanor for violating section 1694 of the Penal Law. On his motion, the indictment was dismissed as not stating an indictable offense, the court holding that public intoxication was no longer a misdemeanor.

Public intoxication constituted disorderly conduct under section 40 of chapter 112 of the Laws of 1896 [former Liquor Tax Law], as amended by section 28 of chapter 312 of the Laws of 1897. Section 40, as amended, was repealed by section 2501 of chapter 88 of the Laws of 1909 [Penal Law], and, in its place, was enacted section 1221 of the Penal Law. Section 1221 of the Penal Law made public intoxication a misdemeanor. Section 1221 was amended by chapter 700 of the Laws of 1911. The amendment eliminated the words " is guilty of a misdemeanor." That chapter is entitled: " An act to amend the General Municipal Law and the Penal Law in relation to the treatment of public intoxication and inebriety." From the title to that act it is to be observed that the act relates to the *treatment of public intoxication and inebriety.* Chapter 700 provides for the establishment of colonies for inebriates and outlines the manner of their operation. Section 1221 of the Penal Law, as thus amended, empowers a magistrate to commit drunkards to such institutions. Under the amended section it is clear that, if the charge of public intoxication is sustained, the magistrate can impose either a fine or imprisonment, or both, or if the circumstances warrant, commit the offender to the type of institution provided for treatment. If he is sentenced to fine or imprisonment his conviction is still for a misdemeanor (Penal Law, § 2); if he is committed to such an institution, section 2 of the Penal Law does not apply.

We think that the Legislature had in mind the distinction between the occasional drinker who may be guilty of public intoxication and the inebriate who may be guilty of the same charge. In the case of the former, a fine or imprisonment, or both, is indicated. In the case of the latter, treatment in an institution for inebriates is indicated. The words " he is guilty of a misdemeanor " were deleted from the section as not applying to the one who is committed to an institution. However, where a fine or imprisonment is imposed, the conviction is one for a misdemeanor pursuant to the definitions contained in section 2 of the Penal Law. If the intention of the Legislature were otherwise it would have amended section 899 of title 7 of part 6 of the Code of Criminal Procedure, so as to make public intoxication disorderly conduct. In *People ex rel. Burke* v. *Fox* (205 N. Y. 490, 494), cited in *People ex rel. Stolofsky* v. *Superintendent* (259 id. 115, 118); *Matter of Cooley* v. *Wilder* (234 App. Div. 256, 259) and *People* v. *Grogan* (260 N. Y. 138, 141), relied on by the majority here, it is to be noted that the question as to whether public intoxication was a misdemeanor was not before the court for decision and it does not appear that, in those cases, the court's attention was drawn to section 1221 of the Penal Law or that the court had that section in mind. We think that public intoxication is a misdemeanor (*People* v. *Reson*, 249 App. Div. 54) and that the indictment should not have been dismissed. We also think, regardless of whether public intoxication is a misdemeanor, that the indictment can

be sustained for a violation of section 1694 of the Penal Law. The respondent was a prisoner at the time of his escape. (Penal Law, § 1690.) Under section 1694 an escape is prohibited. For a violation of that section, we think that the respondent could be found guilty of a misdemeanor. (Penal Law, § 29; *People ex rel. Haines* v. *Hunt*, 229 App. Div. 419.) It cannot be that the law will permit a person who is lawfully confined in a penal institution to effect an escape therefrom with impunity. " A crime is defined to be ' an act or omission forbidden by law.' (Penal Code, § 3, now Penal Law, § 2.) It is the act or omission that constitutes the crime, * * *." (*People ex rel. Allen* v. *Hagan*, 170 N. Y. 46, 51.) The order dismissing the indictment should be reversed and the motion to dismiss should be denied.

McCurn, J., concurs.