THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RICHARD CHESLEY, Appellant.— Appeal by the defendant Richard Chesley from a judgment of the County Court of Sullivan County, rendered February 19, 1953, convicting the defendant of the crime of escape in violation of section 1694 of the Penal Law and sentencing the defendant to serve a term of nine months in the Albany County Penitentiary, which sentence is to commence upon the expiration of the existing confinement of the defendant in the Woodbourne Correctional Institution. The defendant escaped from Woodbourne Correctional Institution while being held there under a commitment which adjudicated him to be a youthful offender. The defendant contends that he could not be guilty of the crime of escape in violation of section 1694 of the Penal Law because his " custody or confinement" was not upon " a charge, arrest, commitment, or conviction for a felony " or " for a misdemeanor, offense, traffic infraction, or violation of an ordinance, or upon an arrest or commitment in a civil action or proceeding." Prior to 1942, section 1694 had been limited to cases of escape from custody or confinement upon a charge or conviction for a felony or misdemeanor. Under the section, as it then read, it had been held that one who escaped from jail while confined under a sentence for public intoxication could not be convicted of violating section 1694 because public intoxication was not a misdemeanor (*People* v. *Murphy,* 263 App. Div. 1051, affd. 288 N. Y. 613). Immediately after the decision of the *Murphy* case, the section was amended by chapter 142 of the Laws of 1942, so as to add the words " offense, traffic infraction, or violation of an ordinance " after the word "misdemeanor ". It was apparently the purpose of the Legislature to cover every case of escape from lawful custody in the course of, or as the result of, a criminal or quasi-criminal proceeding or action. In 1943, the reference to " an arrest or commitment in a civil action or proceeding " was added (L. 1943, ch. 134). In our opin-

ion, although a youthful offender is not guilty of a crime, he is guilty of an "offense" in the broad sense in which that term is used in section 1694. (Cf. *People ex rel. Stolofsky* v. *Superintendent*, 259 N. Y. 115.) The defendant directs attention to the specific reference to youthful offenders in sections 1692, 1696 and 1698 dealing with persons aiding in the escape of prisoners or concealing escaped prisoners, and argues that this raises a doubt as to the broad construction of the language of section 1694 (see amendment to §§ 1692, 1696 and 1698 by L. 1951, ch. 525). The legislative drafting leaves much to be desired but the draftsman of the 1951 amendment could not have intended to make the rescuer or accomplice guilty of a crime and still let the escapee go unpunished. The Legislature, in adopting the 1951 amendment, must have assumed that the enumeration in section 1694 was comprehensive enough to embrace youthful offenders and therefore found it unnecessary to amend section 1694 so as to mention youthful offenders specifically. This view seems to us to be a reasonable one. The sentence does not seem to be unduly severe. Judgment of conviction unanimously affirmed. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ.