■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. NATHANIEL WASHINGTON, Appellant, v. J. EDWIN LA VALLEE, as Warden of Clinton Prison, Respondent.— Appeal from an order of the Supreme Court, Clinton County, denying relator's writ of habeas corpus. On June 29, 1949, relator, upon conviction of the crime of assault, second degree, was committed to the Elmira Reception Center for classification and confinement in accordance with article 3-A of the Correction Law. Subsequently while on parole relator was sentenced, upon a plea of guilty to a charge of manslaughter, first degree, to a term of 18 to 40 years as a second felony offender. Relator takes the position that because he was committed to the Elmira Reception Center after his first felony conviction without any determinate sentence, his plea of guilty and commitment did not constitute a " conviction" within the meaning of section 1941 of the Penal Law and therefore his conviction as a second felony offender was "void and illegal". We cannot agree. Commitment to the Reception Center pursuant to article 3-A of the Correction Law after a plea of guilty constitutes a " conviction" within the meaning of section 1941 (see *People ex rel. Rapacki* v. *Martin,* 6 A D 2d 757, affd. 5 N Y 2d 899; Correction Law, § 61; see, also, *People ex rel. Vischi* v. *Martin,* 8 N Y 2d 63). Order affirmed, without costs. Bergan, P. J., Gibson, Reynolds and Taylor, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. KENNETH ALLEN GOSLAR, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MARTIN DENNIS TOWNSEND, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ADRIAN BERNARD TURNER, Appellant.— Defendants appeal from judgments of the County Court of Schuyler County rendered after a trial before the court without a jury convicting them of the crime of escape in violation of section 1694 of the Penal Law committed while confined as youthful offenders in Camp Monterey, a youth rehabilitation facility under the jurisdiction of the Commissioner of Correction and sentencing them to Elmira Reformatory under the rules and regulations of that institution for a term of not less than one year and not more than two years. It is contended that the enumeration of the crimes, offenses and infractions contained in section 1694 was not intended by the Legislature to embrace a youthful offender. We have held that the statutory term " offense" is sufficiently broad to include such a person (*People* v. *Chesley,* 282 App. Div. 821). There is ample evidence to sustain the convictions of defendants. There is no proof that their confessions were other than voluntary and it was not error to receive them in evidence. The respective sentences imposed by the trial court for the crime of escape as a misdemeanor, however, were illegal and erroneous both in respect to the place of commitment and the terms fixed. (Correction Law, § 61, subd. 1; Penal Law, § 1937.) Judgments of conviction affirmed, the sentences set aside and defendants remanded to the County Court of Schuyler County for resentencing. Bergan, P. J., Gibson, Herlihy and Taylor, JJ., concur.