### TORRES v. HUNER.

(Supreme Court, Appellate Division, Second Department.  May 1, 1912.)

1. LIBEL AND SLANDER (§ 6*)—ACTIONABLE WORDS—CHARGING DRUNKENNESS.
    To charge a person with being drunk is not slanderous per se without proof of special damages, where it does not constitute a charge of drunkenness amounting to a misdemeanor, such as intoxication in a public place.
    [Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 3–16; Dec. Dig. § 6.*]

2. LIBEL AND SLANDER (§ 6*)—ACTIONABLE WORDS IN GENERAL.

　　It is not slanderous per se without proof of special damage to charge a person with being a "God damn son of a bitch."

　　[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 3–16; Dec. Dig. § 6.*]

Appeal from Special Term, Kings County.

Action for slander by Mary A. M. Torres against Mary Huner. From a judgment overruling a demurrer to the complaint for insufficiency, defendant appeals. Reversed and demurrer sustained.

Argued before HIRSCHBERG, BURR, THOMAS, CARR, and WOODWARD, JJ.

Omar Powell, of New York City, for appellant.
Adolph Hirsch Rosenfeldt, of New York City, for respondent.

HIRSCHBERG, J. [1, 2] This is an action for slander; the words alleged to have been uttered being, "You are drunk," and "You are a God damn son of a bitch." No special damages were alleged, and the only question on this appeal is whether the words above quoted are actionable per se. The respondent admits that the early cases seem to hold that these words are not actionable, and that they uniformly so hold is undoubtedly true, but her counsel claims that the early rule has been entirely changed by the case of Dallin v. Mayer, 122 App. Div. 676, 107 N. Y. Supp. 316. In that case the Appellate Division of the First Department, Houghton, J., dissenting, held it was actionable per se for the defendant to call the plaintiff a thief. No authorities were cited, but it may be assumed that the majority of the court considered that the objectionable word fell within the first class of slanderous words, namely, those which import a charge of some punishable crime, referred to in Moore v. Francis et al., 121 N. Y. 199, 203, 23 N. E. 1127, 1128 (8 L. R. A. 214, 18 Am. St. Rep. 810). That was an action for libel, but the court said:

　　"The cases of actionable slander were defined by Chief Justice De Grey in the leading case of Onslow v. Horne, 3 Wilson, 177, and the classification made in that case has been generally followed in England and this country. According to this classification, slanderous words are those which (1) import a charge of some punishable crime; or (2) impute some offensive disease which would tend to deprive a person of society; or (3) which tend to injure a party in his trade, occupation, or business; or (4) which have produced some special damage. Defamatory words, in common parlance, are such as impute some moral delinquency or some disreputable conduct to the person of whom they are spoken. Actions of slander for the most part are founded upon such imputations; but the action lies in some cases where the words impute no criminal offense, where no attack is made upon the moral character, nor any charge of personal dishonor. The first and larger class of actions are those brought for the vindication of reputation, in its strict sense, against damaging and calumnious aspersions. The other class fall, for the most part, at least, within the third specification in the opinion of Chief Justice De Grey of words which tend to injure one in his trade or occupation."

Measured by the rule thus indicated, it seems clear that the objectionable words in the case at bar, notwithstanding their vulgarity and

profanity, are not slanderous per se, and therefore are not actionable without proof of special damage. Certainly no controlling case can be found in which a general charge of drunkenness not amounting to a misdemeanor, such as "intoxication in a public place" as forbidden by section 1221 of the Penal Law (Consol. Laws 1909, c. 40), has been held to be actionable, or in which it has been held to be slander per se for one lady to call another a "son of a bitch." It follows that the order should be reversed.

In the brief submitted, the respondent asks leave to serve an amended complaint in the event of a reversal. The order should therefore be reversed, with $10 costs and disbursements, and the demurrer sustained, with costs, but with leave to the plaintiff to serve an amended complaint within 20 days on payment. All concur.