FREDERICK   J.   RILEY,   Appellant,   v.   ROBERT   GORDON, Respondent.

Second Department, June 25, 1920.

Slander — words not slanderous per se — pleading — innuendo — complaint stating cause of action.

Although spoken words may not be slanderous *per se* their meaning to those in whose presence and hearing they were spoken may be considered and a plaintiff may allege matters of inducement which give a defamatory meaning to words otherwise innocuous.

Complaint in an action for slander examined, and *held*, sufficient as against a demurrer in that it sufficiently alleged matters which indicated that the persons who heard the defendant's words knew that he charged the plaintiff with the crime of stealing a check and forging a signature thereto.

APPEAL by the plaintiff, Frederick J. Riley, from an order of the Supreme Court, made at the Richmond Special Term and entered in the office of the clerk of the county of Richmond on the 7th day of September, 1918, sustaining defendant's demurrer to the third amended complaint.

*Walter S. Kennedy*, for the appellant.

*Daniel S. Murphy*, for the respondent.

BLACKMAR, J.:

The defendant demurred to a complaint in slander on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was sustained and the plaintiff appeals. The alleged defamatory words spoken concerning the plaintiff were as follows:

" You cashed that cheque in Batchellor's the night you came up from Ulmer Park. I had a man from Batchellor's go all through the building and he picked you out as the man

who cashed the cheque. It is circumstantial but it's enough for a jury. I didn't expect you to admit it. Williamson didn't either and he's doing five years now. You are through. Get your hat."

These words upon their face are not slanderous. They do not charge plaintiff with the commission of a crime, nor with having a loathsome disease, nor do they injure him in his business. But the question always is directed to the meaning which the words conveyed to those in whose presence and hearing they were spoken; and matters of inducement may be alleged which give a defamatory meaning to words otherwise innocuous. (Odgers Lib. & Sland. [5th ed.] 128, 129; *Van Heusen* v. *Argenteau*, 194 N. Y. 309; *Fry* v. *Bennett*, 5 Sandf. 54; Townsh. Sland. & Lib. [4th ed.] § 308; *McGregor* v. *Gregory*, 11 M. & W. 287; *Grand* v. *Dreyfus*, 122 Cal. 58.)

The complaint alleged in substance that both the plaintiff and the defendant were employed by the Western Electric Company; that a check drawn by such corporation to one other than the plaintiff was stolen from the payee and, by means of a forged signature, was cashed and the true owner deprived of its use; and that these facts were known to the persons in whose presence the words were spoken. Under these circumstances the spoken words sustain the innuendo that they charged the plaintiff with a crime.

In the law of slander, as well as in the law of contracts, matters known to all the parties give a meaning to spoken words. If the speaker and his hearers knew that a check had been stolen and cashed by means of a forged signature, the words are plain enough. The words " It is circumstantial but it's enough for a jury," and the statement that if plaintiff denied the charge so did another employee, who was then doing five years, indicate plainly enough, to one knowing the facts alleged as inducement, that defendant was charging plaintiff with a crime.

JENKS, P. J., MILLS, KELLY and JAYCOX, JJ., concur.

Order reversed, with ten dollars costs and disbursements, demurrer overruled, with ten dollars costs, and defendant given leave to withdraw the demurrer and to answer within twenty days on payment of costs.