WILLIAM WEIDBERG, Plaintiff, *v.* FIORELLO H. LAGUARDIA, Defendant.

Supreme Court, Special Term, Kings County, January 3, 1939.

*Abraham Moskowitz*, for the plaintiff.

*Spence, Windels, Walser, Hotchkiss & Angell*, for the defendant.

KADIEN, J. Motion to dismiss the complaint herein for legal insufficiency.

The complaint alleges in substance that on or about the 26th of October, 1938, at a public gathering held in the New Utrecht High School in the borough of Brooklyn, city of New York, the defendant publicly and in the presence and hearing of many persons in said public gathering, uttered the following words concerning the plaintiff, an attorney and counselor at law, who during the time that he had practiced his profession, had been a candidate for nomination to various public offices in certain districts in the county of Kings, city and State of New York: " They are throwing the bum out. The politicians are not acquainted with these really fine audiences and they pick up a bum in a gin mill and send him over here to break up audiences. It will take more than a Kenny Sutherland bum to confuse me during a speech."

By innuendo the complaint alleges that the defendant, by these utterances, charged that the plaintiff was " a vagrant and debauchee and in the habit of using spirituous liquor to excess or intoxication in a gin mill," meaning " a place, house or hangout where intoxicating liquors are distributed, sold or consumed, and where vagrants, debauchees and persons in the habit of using spirituous liquors to excess or intoxication gather," and meaning further " a place, house or hangout for drunkards, housebreakers, thieves and disorderly persons."

The alleged slander, the plaintiff claims, had such a relation to his profession that it " directly tended to degrade him in the estimation of the community and in the estimation of persons in said public gathering who knew plaintiff and knew said plaintiff to be an attorney and counsellor at law, to deprive him of the advantages which naturally result from a reputation for honesty and sobriety, and further directly tended to injure said plaintiff with respect to said profession and to impair confidence in his character and ability, and thereby the plaintiff was injured in his reputation, to his damage."

The complaint does not allege special damage.

In the memorandum submitted in opposition to the motion the plaintiff contends that the words alleged to have been used by the defendant not only had such a relation to the plaintiff's profession that they directly tended to injure the plaintiff in reference to it, but that the words used imputed a charge of punishable crime and, therefore, constitute slander *per se.*

I am of the opinion that the words uttered had no relation to the plaintiff's profession. They did not impute unfitness in the plaintiff's professional character or conduct, nor were they spoken in reference thereto. Unquestionably the language used was vituperative and abusive, but is not actionable in the absence of special damage, since it imports no indictable crime involving moral turpitude or infamous punishment, nor was it applied to the plaintiff in relation to his profession.

In *Shankroff* v. *LaGuardia* (N. Y. L. J. Dec. 5, 1935, p. 2242; affd., 247 App. Div. 785; appeal to the Court of Appeals denied, 272 N. Y. 679) the alleged slander was: " You bum, throw him out, if he opens his mouth again. I will treat you as you were treated in the Surrogate's Court, you faker."

This, the court held, did not constitute slander *per se.*

In *Torres* v. *Huner* (150 App. Div. 798) the words " you are drunk " were held not to constitute slander *per se*, and, therefore, not actionable without proof of special damage.

The fact that the words used by the defendant referred to the plaintiff, who happened to be a lawyer, does not, under the circumstances here involved, render them any more actionable than if they had been used in reference to any other individual. (*Oakley* v. *Farrington*, 1 Johns. Cas. 129.) In neither instance are they slanderous in the absence of special damage. A fair consideration of the language used, as it was heard by the audience at the meeting, does not, in my opinion, justify the things charged in the innuendo as pleaded, which has enlarged upon and given a sinister meaning to words which, at their worst, were merely abusive and ill-chosen.

The motion is, therefore, granted. Submit order.