THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v. JOHN CLEARY, Defendant.

City Court of Utica, Sitting as a Court of Special Sessions, August 27, 1943.

*Bartle Gorman, Corporation Counsel* (*George Schiro* of counsel), for plaintiff.

*Gardner Callanan* and *Arthur J. Foley* for defendant.

WALSH, J. The defendant in the above-entitled matter is charged with a violation of section 1221 of the Penal Law (public intoxication). The allegations are to the effect that on August 21, 1943, defendant " wrongfully became, and then and there was, intoxicated, in a public place, to wit: in State street, in said city."

Defendant has served a written demand for a jury trial.

Section 56-a of the Code of Criminal Procedure vests exclusive jurisdiction in courts of special sessions over the violation of section 1221 of the Penal Law. " Courts of special sessions shall have exclusive jurisdiction to try and determine, according to law, all complaints for violations of sections twelve hundred and twenty-one, nineteen hundred and twelve and nineteen hundred and thirteen of the penal law." (§ 56-a.)

The City Court of Utica is an old court, and on the criminal side it is the successor of the old Recorder's Court of Utica, first established in 1844. Section 4 of the Utica City Court Code (L. 1882, ch. 103, as amd.) provides that the City Court shall have and possess the same powers and jurisdiction now possessed by courts of justices of the peace of the several towns of the county of Oneida, and by courts of justices of the peace in the city of Utica, and by the Recorder's Court of Utica. Although it is a court of record it has not lost its powers as a court of special sessions because the words " While sitting as a court of special sessions " appear a number of times in the Utica City Court Code. (§ 4, as amd.) Accordingly, the City Court of Utica has exclusive jurisdiction to try and determine public-intoxication cases.

The question then arises whether the defendant is entitled, as a matter of right, to a jury trial.

Public intoxication was disorderly conduct under section 40 of the former Liquor Tax Law (L. 1896, ch. 112, as amd. by L. 1897, ch. 312).

Section 40 was repealed by section 2501 of chapter 88 of the Laws of 1909 (the Penal Law) and, in its place, section 1221

of the Penal Law made public intoxication a misdemeanor. Section 1221 was thereafter amended by chapter 700 of the Laws of 1911. The amendment eliminated the words " is guilty of a misdemeanor ", but failed to classify the charge.

Section 2 of article I of the Constitution of the State of New York provides that " Trial by jury in all cases in which it has heretofore been guaranteed by constitutional provision shall remain inviolate forever * * *."

Public intoxication is not a misdemeanor. In *People* v. *Murphy* (177 Misc. 1042) the Monroe County Court held that public intoxication is not a crime. This was affirmed by the Appellate Division, Fourth Department (263 App. Div. 1051), and by the Court of Appeals (288 N. Y. 613).

In *People* v. *Grogan* (260 N. Y. 138) the Court of Appeals, in what might be considered dicta, significantly stated: " Before passing to the attack which has been made upon this statute, we must keep in mind the distinction between a crime, to wit, a misdemeanor, and those minor offences dealt with summarily by justices of the peace or magistrates, known as disorderly conduct, breach of the peace, etc. The distinction is clearly stated by the Appellate Division of the Fourth Department in *Matter of Cooley* v. *Wilder* (234 App. Div. 256, 259). The court there said: ' In passing we may mention a third class of offenses which are neither felonies prosecuted by indictment and triable by a common law jury (art. 1, § 2), nor misdemeanors triable by Courts of Special Sessions with or without the statutory jury of six (art. 6, § 18), but petty offenses triable summarily by a magistrate without a jury. Within this category are cases of persons charged with *intoxication,* vagrancy, with being disorderly persons, etc.; also many cases of violation of municipal ordinances. (Village Law, § 180; Second Class Cities Law, § 183.) These minor offenses, below the grade of misdemeanors, have always constituted in our law a class by themselves. (*Tenement House Department* v. *McDevitt,* 215 N. Y. at p. 168.) ' " (Italics supplied.)

A fundamental question is here involved. Section 2 of article I of the Constitution guarantees the right of trial by jury " in all cases in which it has heretofore been guaranteed by constitutional provision ". Section 12 of the Civil Rights Law provides that " In all criminal prosecutions, the accused has a right to a speedy and public trial, by an impartial *jury* * * *." (Italics supplied.) These sections seem to protect the right of the defendant to a jury trial.

Section 18 of article VI of the New York State Constitution provides, however, that "Courts of special sessions and inferior local courts of similar character shall have such jurisdiction of offenses of the grade of misdemeanors as may be prescribed by law, and the legislature may authorize them to try such offenses without a jury."

This section has been held to modify the constitutional provision guaranteeing a trial by jury and to authorize the Legislature to confer upon courts of special sessions jurisdiction that they did not formerly possess. The constitutional guarantee of a trial by jury does not apply to cases triable in courts of special sessions, for the reason that a trial by a constitutional jury of twelve men was not within the course of procedure in such courts when the constitutional guarantee first appeared in the Constitution. (*People ex rel. Borowiak* v. *Hunt* [1913], 157 App. Div. 848.) Although the City Court of Utica sits as a " court of special sessions ", section 4 of the Utica City Court Code now provides: " In criminal actions the jury shall consist of twelve."

Section 4, as enacted by chapter 103 of the Laws of 1882, provided: " Jury trials shall be had therein as in courts of justices of the peace and the recorder's court of Utica, except as hereinafter provided." This section was amended by chapter 588 of the Laws of 1926 to provide that " In criminal actions the jury shall consist of twelve."

Since trial by a constitutional jury, i.e., a jury of twelve men, was not within the course of procedure in the City Court of Utica and had not been when this provision (right to a jury trial) first appeared in the Constitution (*People ex rel. Murray* v. *Justices*, 74 N. Y. 406), the Constitution is not violated by a denial of the right to a jury trial.

Since the Constitution of the State of New York will not be violated by the denial of the right to a jury trial, and since the Court of Appeals and the Appellate Division, Fourth Department, have indicated that public intoxication is a petty offense " triable summarily by a magistrate without a jury " (*Matter of Cooley* v. *Wilder*, 234 App. Div. 256, 259, *supra*), the demand for a jury trial is denied. Ordered accordingly.