ANDREA POLO, Respondent, *v.* EDELBRAU BREWERY, INC., Appellant.

Supreme Court, Appellate Term, Second Department, October 18, 1945.

*Bertrand Ettinger* for appellant.

*Philip Wolfson* and *Milton Berelson* for respondent.

MEMORANDUM *Per Curiam.* Plaintiff's cause of action is predicated on an alleged malicious interference by defendant with plaintiff's bank account by means of a third party order containing a stay directed against the bank. If the action be considered as one for malicious prosecution of a legal proceeding plaintiff was obliged to prove malice. If it be for interference with the contract between plaintiff and his bank, plaintiff was bound to prove the existence of malice or gross negligence. Actual malice or ill will did not have to be established in order to justify a finding of malice or gross negligence. (*Campbell* v. *Gates,* 236 N. Y. 457.) It was error to permit the jury to find against the defendant if it was chargeable with simple negligence only. It was also error to charge that punitive damages could be assessed. In this State, in the absence of authorization or ratification of malicious conduct a corporation cannot be chastened by adding punitive damages. (*Cope* v. *Wanamaker,* 249 App. Div. 747.) The jury on this record could have found legal malice existed and could award compensatory damages. The legal expenses to which plaintiff was put to release his account, notwithstanding

costs had been awarded to him on the application to vacate, could be recovered. (*Cooper* v. *Weissblatt,* 154 Misc. 522.) In an action of this nature compensatory damages may be recovered if directly caused by the malicious act even though the damage is not the natural result of the act. (*Garrison* v. *Sun Printing & Pub. Assn.,* 207 N. Y. 1.) But the burden is on the plaintiff to prove that the malicious conduct was the proximate cause of the damage. Cross-examination in the instant case supplied sufficient testimony as to the existence of an agreement between plaintiff and the Williamsburgh Savings Bank for the purchase by plaintiff of two mortgages. However, the evidence as to loss by reason of inability to perform the claimed agreement to purchase the two mortgages should not have been received over the objection of the defendant that such evidence related to special damages not pleaded. (*Reporters' Assn.* v. *Sun Printing & Pub. Assn.,* 186 N. Y. 437, 442, 443.)

Error also arose from the charge that only by an order of the court could the third party order be vacated. (Civ. Prac. Act, § 790.) If before damages arose the savings bank had received the letter stating that the third party order did not warrant holding plaintiff's funds, defendant would not be liable for any damage subsequent to the receipt of the letter. Such damage would not be the direct result of malicious interference by the defendant.

It was also error to tell the jury that they could accept the opinion of the plaintiff's witness as to the value of the mortgages without regard to the amount of the unpaid taxes. Those taxes were prior liens. They were factors which the plaintiff's witness had discussed with plaintiff in arriving at the alleged agreement.

No recovery could be based on the theory that there was abuse of process. The order was used for the purpose for which it was issued. (*Hauser* v. *Bartow,* 273 N. Y. 370; *Miller* v. *Stern,* 262 App. Div. 5.)

The judgment should be unanimously reversed on the law and new trial granted, with costs to defendant to abide the event.

MacCrate, McCooey and Steinbrink, JJ., concur.

Judgment reversed, etc.