JEANNETTE O'CONNELL, Plaintiff, *v.* JAMES T. HALLINAN, Defendant.

Supreme Court, Special Term, New York County, May 6, 1946.

*Nathaniel L. Goldstein, Attorney-General (Abe Wagman* of counsel), for defendant.

*Jeannette O'Connell,* plaintiff in person.

CHURCH, J. Motion by the defendant through his attorney, the Attorney-General of the State of New York, to dismiss the amended complaint is granted. The motion is made pursuant to the provisions of rule 106 of the Rules of Civil Practice (subd. 1) on the ground that the court has not jurisdiction of the person of the defendant and (subd. 5) on the further ground that the amended complaint does not state facts sufficient to constitute a cause of action. The reasons advanced for granting the motion appear to be urged on the latter ground rather than on the former.

The amended complaint alleges that the defendant, then presiding at Special Term of the Supreme Court of the State of New York in Kings County, for ex parte matters, " granted, signed and entered " the judgment in the case entitled " Miriam Greenfield, Plaintiff, against Louis Tesher, Defendant," on the application of the attorney for the plaintiff in the case. Subsequently, she alleges, a proceeding was commenced by one Hyman Bloom at Special Term, Part I, Kings County, to vacate the judgment, which proceeding came on before Mr. Justice KLEINFELD and was by him referred to the defendant, who filed a memorandum indicating that he would hear argument at the General Court House, Queens County, on a day and at a time specified in the memorandum. The complaint alleges that on the specified date the defendant was presiding in Trial Term, Part I, Queens County, where he called up said proceeding for hearing on the date indicated in his memorandum. The plaintiff alleges that, acting as the attorney for Greenfield, she objected to the hearing and to any decision of the proceeding

by the defendant, but that the defendant entertained the matter, overruled plaintiff's objections and defendant " announced from the bench " that he intended to vacate the judgment previously signed by him. The complaint then goes on to allege that " then and there " defendant shouted at the plaintiff and uttered the alleged slanderous remarks which are set forth. The balance of the complaint alleges the meaning of the words claimed to have been used by the defendant, that the statements were false and known by the defendant to be false, that the words were spoken with express malice and that the plaintiff was damaged in the amount of $50,000.

The immunity of judges for acts done in their judicial capacity has been recognized as a fundamental principle in our jurisprudence as far back as 1810, when Chancellor KENT wrote in *Yates* v. *Lanning* (5 Johns. 282, 291): " The doctrine which holds a judge exempt from a civil suit or indictment, for any act done, or omitted to be done by him, sitting as a judge, has a deep root in the common law. It is to be found in the earliest judicial records, and it has been steadily maintained by an undisturbed current of decisions in the *English* courts, amidst every change of policy, and through every revolution of their government. A short view of the cases will teach us to admire the wisdom of our forefathers, and to revere a principle on which rests the independence of the administration of justice. *Juvat accedere fontes atque haurire.*"

There can be no doubt that the defendant is exempt from liability of all acts done in the exercise of his judicial function (*Murray* v. *Brancato,* 290 N. Y. 52). This immunity extends even to defamatory statements made by a judicial officer in the due course of his official acts (*Karelas* v. *Baldwin,* 237 App. Div. 265).

In *Douglas* v. *Collins* (243 App. Div. 546, affd. 267 N. Y. 557) it is pointed out that possible liability or exemption from liability for alleged defamatory words spoken by a judicial officer may depend upon whether or not the facts establish that the matter in hand was closed at the time the words were spoken.

In her amended complaint the plaintiff has failed to allege sufficient facts to indicate that the slanderous statements alleged to have been made by the defendant were made outside the due course of his official acts or that the alleged proceeding pending before the defendant was closed at the time the alleged statements were made. The plaintiff may serve a further amended complaint within twenty days after service of the order to be entered hereon, with notice of entry. Settle order.