H. BENNETT SALOMON, Plaintiff, *v.* ROBERT F. MAHONEY, Defendant.

Supreme Court, Special Term, Bronx County, May 8, 1946.

*Curran & Stim* for defendant.

*Sidney S. Levine* for plaintiff.

SHIENTAG, J. This is a motion by the defendant to dismiss a complaint in a slander action for legal insufficiency, on two grounds, (1) that it does not appear that the alleged slanderous words were spoken of and concerning the plaintiff; (2) that the alleged defamatory language was not slanderous per se and was not therefore actionable in the absence of an allegation of special damage. The plaintiff is a lawyer and the defendant is a City Magistrate, who is charged with having made the statements complained of as slanderous while he was holding court.

(1) Enough has been set forth in the complaint from which a jury might find the words complained of were spoken concerning the plaintiff and were applied to him (*Sanderson* v. *Caldwell*, 45 N. Y. 398, 401).

(2) It is charged that the defendant referred to the plaintiff as " a bum and a loafer." A " bum " has been defined as: " An idle, dissolute fellow, worthless loafer " (Funk & Wagnall's New Standard Dictionary); " A guzzler or idler; hence, vaguely, any worthless fellow; a lazy, good-for-nothing sponger who will not work " (Webster's New International Dictionary).

A " loafer " is: " An idle man; lounger; specif., a vagrant who subsists by shifts " (Funk & Wagnall's New Standard Dictionary); " a lazy lounger; hence, * * * One who has the bad habits typical of street loafers." (Webster's New International Dictionary.)

A lawyer offers to prospective clients his character, his responsibility and his competence. Clearly, according to the allegations of the complaint, the words complained of were not spoken in jest, nor does it appear, or so the trier of the facts might find, that they were indulged in merely as abusive epithets.

In *Sanderson* v. *Caldwell* (45 N. Y. 398, 405, *supra*) the court said: " The rule derived from the authorities, and with which most of the cases can be reconciled, seems to be this: When the words spoken have such a relation to the profession or occupation of the plaintiff that they directly tend to injure him in respect to it, or to impair confidence in his character or ability, when, from the nature of the business, great confidence

must necessarily be reposed, they are actionable, although not applied by the speaker to the profession or occupation of the plaintiff; but when they convey only a general imputation upon his character, equally injurious to any one of whom they might be spoken, they are not actionable, unless such application be made.''

Words spoken of a man to his disparagement in his office, profession or other business, in order to be slanderous per se '' must be spoken of him in relation to or ' in the way of ' a position which he holds, or a business he carries on, at the time of speaking. Whether they have reference to his office or business is, in case of doubt, a question of fact. And they must either amount to a direct charge of incompetence or unfitness, or impute something so inconsistent with competence or fitness that, if believed, it would tend to the loss of the party's employment or business.'' (Pollock on Law of Torts [13th ed.], pp. 250-251.)

The complaint here charges in effect that the alleged slanderous words were spoken of and concerning the plaintiff as a lawyer, and that they were applied to the plaintiff in relation to his profession. In the light of the allegations of the complaint, which for the purposes of this motion must be assumed to be true, it is for the jury to determine, under all the circumstances, in what sense the words charged to have been uttered were used and whether they were spoken of the plaintiff as a lawyer. As I interpret those cases, the holdings in *Shankroff* v. *LaGuardia* (N. Y. L. J., Dec. 5, 1935, p. 2242, col. 4, affd. 247 App. Div. 785) and in *Weidberg* v. *LaGuardia* (170 Misc. 374) are not in conflict with the conclusion here reached.

The motion to dismiss the complaint is accordingly denied. Settle order.

(On reargument, June 11, 1946.)

On the original argument it was assumed by the parties that the question of '' privilege '' was not involved on the motion to dismiss the complaint for legal insufficiency. The only question that was argued and decided was whether the language complained of was slanderous per se. This motion for reargument specifically raises the question whether the language alleged to have been uttered was privileged.

The complaint in an action against a judicial officer for defamation is not required to negative the existence of judicial privilege or immunity. Where, however, such a complaint indicates on its face that the defamatory statements were absolutely privileged, the pleading is subject to a motion to dismiss for

insufficiency and the defense of privilege need not first be pleaded (*Valesh* v. *Prince*, 224 N. Y. 613; *O'Connell* v. *Hallinan*, 186 Misc. 997). Defamatory statements made by a judge in his judicial capacity are absolutely privileged (*Murray* v. *Brancato*, 290 N. Y. 52; *Karelas* v. *Baldwin*, 237 App. Div. 265). The privilege does not, however, attach to every defamatory statement uttered by a judge in the courtroom. He must be acting at the time as a judge in the due course of his official duties (*Lange* v. *Benedict*, 73 N. Y. 12; *Douglas* v. *Collins*, 243 App. Div. 546, affd. 267 N. Y. 557; *O'Connell* v. *Hallinan, supra*). While the complaint shows that the court was in session when the language complained of was uttered by the defendant, a City Magistrate, it does not clearly indicate that the alleged slanderous statements were made by the defendant in the due course of his official duties. Under those circumstances the complaint must stand and the claim of privilege be introduced as a defense. The motion for reargument is granted but on the reargument the original determination is adhered to. Settle order.