HARRY A. GOODSTEIN, Plaintiff, *v.* CHALFONTE HOTEL CORPORATION et al., Defendants.

Supreme Court, Trial Term, New York County, November 20, 1950.

*I. Ben Greenman* for plaintiff.

*Timothy J. Healy* for defendants.

Di Falco, J. Plaintiff, a tenant of the defendant, Chalfonte Hotel, sues the hotel and its bookkeeper, the defendant, Kathleen Nolan, alleging three causes of action in his complaint. The first is framed in slander against both defendants; the second in negligence, solely against the hotel; the third for malicious prosecution solely against Nolan. At the close of plaintiff's case I dismissed the second cause of action, as no satisfactory proof in fact or law was established to sustain the cause of action framed in negligence. The testimony before me reveals that, on the morning of March 25, 1949, plaintiff personally presented himself and requested his mail at the desk in the lobby of defendant hotel where he resided. Plaintiff and the defendant Nolan, who was waiting at the desk at the time, became embroiled in a heated argument. While the testimony as to the cause of the argument is partially in conflict, plaintiff has established that Nolan did say of plaintiff, in the presence of others, " You dirty Jew ", " You're a no good bum ", " the ladies say he is drunk ". It is for the public utterance of these words that plaintiff seeks damages from both defendants. Plaintiff conceded at the trial that, if the words complained of were not slanderous per se, he has not established his cause of action therefor, inasmuch as he has not pleaded or proven special damages.

It is settled law that where utterances or words charged as being slanderous are not such per se, special damages must be pleaded (*Trachtenberg Bros.* v. *Henrietta Stein, Inc.,* 64 N. Y. S. 2d 565; *Pollard* v. *Lyon,* 91 U. S. 225; *Weidberg* v. *La Guardia,* 170 Misc. 374; *Moran* v. *Singer,* 75 N. Y. S. 2d 874; *Salomon* v. *Mahoney,* 187 Misc. 24; *Sleight* v. *Woods,* 145 Misc. 824; *Torres* v. *Huner,* 150 App. Div. 798).

After studied consideration of the cases cited by counsel and my own independent research and examination of the authorities, I am constrained to hold that the epithets, including the words " You dirty Jew " uttered by Nolan, of plaintiff, while malodorous, offensive, distasteful and outrageous, are not slanderous per se. However offending the words bespoken may be, wounded pride and outraged sensibilities are not actionable in the absence of an allegation of special damages. The words cannot be said to be slanderous per se in light of the holdings. (See *Deyo* v. *Brundage*, 13 How. Prac. 221; *Nealon* v. *Frisbie*, 11 Misc. 12; *MacIntyre* v. *Fruchter*, 148 N. Y. S. 786. In *McKeon* v. *Shirk* (N. Y. L. J., April 14, 1926, p. 224, col. 3 [TAYLOR, J.]), it was held that the words, although of a grossly insulting nature, were words of mere abuse and were not slanderous per se; (*Kurz* v. *Peavey*, N. Y. L. J., Oct. 8, 1934, p. 1151, col. 7 [BLACK, J.]).

Coming now to the words " You're a no good bum ", I find the authorities decided that the use of the spoken word " bum " is not slanderous per se (see *Shankroff* v. *La Guardia*, 61 N. Y. S. 2d 839; *Weidberg* v. *La Guardia*, 170 Misc. 374, *supra*; *Piciulo* v. *Ely*, 166 N. Y. S. 610; *Pearlstein* v. *Draizin*, 190 Misc, 27, and *Salomon* v. *Mahoney, supra*).

In respect of the words " these ladies say he is drunk ", again, I find the authorities decided that the use of the word " drunk " is not slanderous per se (*Torres* v. *Huner, supra*). In *Moran* v. *Singer* (*supra*, p. 875) it is stated that " it has been held that a charge of drunkenness, unaccompanied by allegations of special damages, is not actionable per se. *Torres* v. *Huner*, 150 App. Div. 798, 135 N. Y. S. 332." In *Torres* v. *Huner*, just cited, among the words alleged to have been uttered were " You are drunk ". No special damages were alleged and the only question on the appeal was whether the words were actionable per se. The appellate court held that, notwithstanding their vulgarity and profanity, the words were not slanderous per se and not actionable without proof of special damage. Plaintiff's claim, that section 1221 of the Penal Law makes the word " drunk " slanderous per se as being a charge of committing a crime under this section, is untenable and without merit. Section 1221 of the Penal Law, which makes intoxication in a public place a misdemeanor, by its very express provision does not apply to the city of New York, as the very last sentence of the last paragraph h of that section reads: " The provisions of section twelve hundred and twenty-one shall not apply

to the City of New York.'' (Penal Law, § 1221, subd. 3, par. h, as amd. by L. 1911, ch. 700, § 2, eff. July 19, 1911.) The section upon which plaintiff relies, section 64-a of the Code of Criminal Procedure, was enacted and became effective in February of 1909. This section, however, became inapplicable by the enactment of the provision in paragraph h of subdivision 3 of section 1221 hereinabove stated.

In *People* v. *Cleary* (182 Misc. 302, 303–304) it is stated: '' Public intoxication was disorderly conduct under section 40 of the former Liquor Tax Law (L. 1896, ch. 112, as amd. by L. 1897, ch. 312). Section 40 was repealed by section 2501 of chapter 88 of the Laws of 1909 (the Penal Law) and, in its place, section 1221 of the Penal Law made public intoxication a misdemeanor. Section 1221 was thereafter amended by chapter 700 of the Laws of 1911. The amendment eliminated the words ' is guilty of a misdemeanor ', but failed to classify the charge. ＊ ＊ ＊ Public intoxication is not a misdemeanor. In *People* v. *Murphy* (177 Misc. 1042) the Monroe County Court held that public intoxication is not a crime. This was affirmed by the Appellate Division, Fourth Department (263 App. Div. 1051), and by the Court of Appeals (288 N. Y. 613).''

Upon these considerations, I have no alternative but to dismiss the first cause of action for slander against both defendants.

As to the third cause of action, for malicious prosecution, the evidence established that Nolan, after the morning incident hereinabove referred to, and at some time during the evening of that day, did procure a Magistrate's summons against plaintiff, charging him with the crime of disorderly conduct. Subsequently, the summons was served upon plaintiff, whereupon he procured a cross summons against defendant. The summonses were returnable on April 1, 1949, and on that date, after trial before a City Magistrate, defendant's charge against plaintiff was dismissed. I am persuaded by the evidence presented before me that plaintiff is entitled to recover upon his third cause of action against the defendant Nolan. I am satisfied that defendant maliciously and without probable cause instigated a prosecution against plaintiff which terminated in plaintiff's favor and by reason of which he suffered damages. The proof before me established that the summons was obtained against plaintiff by defendant during the evening of March 25, 1949. Their verbal argument which resulted in the alleged slanderous utterances, hereinbefore referred to, had taken place the morning of that day. With so many hours intervening

since the morning incident, defendant's obtainment of the Magistrate's summons appears to have been an afterthought and to have been instigated by a feeling of vindictiveness and malice towards plaintiff. Certainly, the evidence reveals she utterly failed to establish or substantiate her charge in the Magistrate's Court against plaintiff. Her attempt to explain away her utterance that " the ladies say he is drunk " is further indicative of her course of conduct towards plaintiff. She completely failed to sustain the charge, failed to produce " the ladies " and then claimed that two of the three women who she referred to as being " the ladies " were dead. The third woman, although available to defendant and still living at the hotel, was not produced. Furthermore, defendant's own witness, the telephone operator, at the trial before me, testified that plaintiff was not drunk at the time of the morning incident in the hotel lobby. The defendant admitted that she had never seen the plaintiff nor had she ever spoken to him before the incident.

From all of these facts, from the distasteful and outrageous utterances of defendant, I am convinced that defendant Nolan maliciously and without probable cause instigated the Magistrate's proceeding against plaintiff. Even if actual malice were not proved by plaintiff, the court may infer same from the lack of probable cause for the prosecution (*Vallon* v. *Ramage,* 196 Misc. 740, and cases cited). Plaintiff has adequately proven want of probable cause and malice on the part of defendant Nolan and defendant failed to establish probable cause for her prosecution of plaintiff. Fees paid by plaintiff to his attorney, to defend him in the Magistrate's Court, constitute a recoverable item of damage (Sealy on Torts, § 140; *Cooper* v. *Weissblatt,* 154 Misc. 522, 528, citing *Worden* v. *Davis,* 195 N. Y. 391 and *Sheldon* v. *Carpenter,* 4 N. Y. 579; *Polo* v. *Edelbrau Brewery,* 185 Misc. 775, 778).

Accordingly, I determine that defendant Nolan is responsible to plaintiff upon his third cause of action, and I direct the Clerk of the court to enter judgment in favor of plaintiff against defendant Nolan in the sum of $250.

Findings of fact and conclusions of law have been waived as well as the requirements of sections 439 and 440 of the Civil Practice Act.