Nicholas M. Pette, J.
In this action for libel and slander, defendants, pursuant to rule 106 of the Rules of Civil Practice, *594 move to dismiss the complaint on the ground that it appears on the face thereof that the same fails to state facts sufficient to constitute a cause of action.
The complaint alleges, in substance, that plaintiff was a tenant of an apartment in premises of which the defendants were in charge of its management, operation and maintenance, as employees of the owner; that on or about August 12,1958, plaintiff’s apartment was in need of repairs in that, among other things, two faucets in the bathroom were leaking in spite of previous attempts by various handymen to repair the same; that on August 12, 1958, the defendant, Barck, stated to the defendant, Zucker, and others, that he was “ tremendous fearful of going into the plaintiff’s apartment”; “that on August 12, 1958, the defendant, Zucker, wrote concerning the plaintiff that the defendant Yitalis Barck has tremendous fearful objection to go into your apartment alone and for that reason desires to have the handyman accompany him ’ ’; that said words spoken by defendant Barck were spoken of and concerning the plaintiff and said words written by defendant Zucker, were published of and concerning the plaintiff.
The complaint also alleges that when said words were uttered and- published, plaintiff was and now is “ a married woman, living and cohabiting with her husband in the aforesaid apartment, and she is and has always been a chaste woman, and has been ever faithful and true to her said husband and to her marriage vows and obligations ’ ’.
The complaint then alleges, by innuendo, that said words spoken and published, as aforesaid, were maliciously intended to injure the plaintiff in her good name, and to bring her into public scandal, infamy and disgrace with and amongst her neighbors, and to cause the plaintiff to be suspected by her neighbors that she had been a person of immoral character who so misconducted herself that the defendant Barck feared to enter her apartment alone, and that she had been guilty of unfaithfulness to her said husband, and that she was not a chaste woman.
The complaint then alleges further, by innuendo, that “ said statements so made as aforesaid by the defendants were false and untrue in their import and were made by the defendants maliciously, and with the intent and for the purpose of imputing unchastity to the plaintiff, and were so understood by the persons who heard and read the same ”.
Webster’s Revised Unabridged Merriam Dictionary defines the word ‘ ‘ publish ” to mean:
“1. To make known to mankind in general, or to people in general; to make public. * * *
*595 “3. To send forth, as a hook, newspaper, musical piece, or other printed work, either for sale or for general distribution; to print, and issue from the press.
“4. To utter, or put into circulation. ’ ’
The complaint does not state to whom the defendant Zucker wrote concerning the plaintiff, but from the language used in paragraph “7” reading “Has tremendous fearful objections to go into your apartment alone and for that reason desires to have the handyman accompany him ’ ’, the use of the pronoun ‘ ‘ your ’ ’ leaves an inescapable inference that he wrote to the plaintiff. In such circumstance, as the court understands the word “ publish ” there was no publication by Zucker within the meaning of the word “ publish ” as defined by Webster, of the words plaintiff has characterized as libelous.
Words that impute a charge of some punishable crime are slanderous per se, such as calling a person a ‘ ‘ black marketeer ”, a “ bootlegger ” and the like. (Torres v. Huner, 150 App. Div. 798; Roberts v. Pratt, 174 Misc. 585; Kammerer v. Sachs, 131 Misc. 640; Seelman, Law of Libel and Slander, p. 599.)
Not all words that are offensive, distasteful, outrageous or of a grossly insulting nature can be said to be slanderous per se. Words of mere abuse, without an allegation of special damages, are not actionable. (Goldstein v. Chalfonte Hotel Corp., 198 Misc. 1068; Torres v. Huner, supra; Piciulo v. Ely, 166 N. Y. S. 610.)
Words are to be taken and understood in their most natural and obvious sense and in accordance to the idea they are calculated to convey to those to whom they are addressed. (Rovira v. Boget, 240 N. Y. 314.)
Plaintiff, in the case at bar, does not allege any special damages, but by way of innuendo claims that the words used were intended to convey that plaintiff was a person of immoral character, who so misconducted herself that defendant Barck feared to enter her apartment alone, and that she had been guilty of unfaithfulness to her husband, and that she was an unchaste woman.
Giving the words used here their natural and common meanings under the circumstances set forth in the complaint herein, the court is of the opinion that the same were not slanderous nor libelous, and that their meaning cannot be extended or enlarged so as to convey the sense and meaning plaintiff attempts to attribute to them.
The purpose of an innuendo is not to change the natural meaning of language so as to so strain words as to do violence in the matter of intent or meaning. Its function is merely to explain *596 and not to enlarge or extend the meaning of words. Words which are not slanderous in themselves cannot be made so by innuendo. (Hays v. American Defense Soc., 252 N. Y. 266; Devany v. Quill, 187 Misc. 698; Riley v. Gordon, 192 App. Div. 443, 444.)
It is insufficient to allege in a particular case that the words meant something different from that understood by the ordinary reasonable person, without factually showing circumstances clearly explaining such difference in meaning. Pleading an innuendo can only be helpful when extrinsic facts, conditions or circumstances have been alleged that would supply a legal basis for the innuendo or inference that any ordinary person who heard the words spoken understood them to have a different meaning than their ordinary connotation. (McNamara v. Goldan, 194 N. Y. 315.)
It has been held that the words “ no good ” may not be enlarged by innuendo into a charge of “ loose morals ”. (Moran v. Singer, 75 N. Y. S. 2d 874.) The word “ bum ” has been held in many cases not to be actionable, if unaccompanied by allegations of special damages. (Goldstein v. Chalfonte Hotel Corp., 198 Misc. 1068, supra.) The same ruling has been applied to a married woman charged with being a “ bum ” and “ tramp ”. (Pearlstein v. Draizin, 190 Misc. 27.)
The question presented is not whether the words could have been understood as imputing unchastity to the plaintiff but whether they would be commonly so understood. The innuendo pleaded by the plaintiff in this case is nothing more than a statement in effect, that the words used do not mean what they say and that their meaning shall be extended.
After considering and examining the authorities, the court is constrained to hold that the words complained of, while offensive and distasteful, are not slanderous per se nor libelous. However offending they may be, wounded pride and outraged sensibilities, do not render them slanderous per se in the light of the authorities.
The motion to dismiss the complaint is granted. Submit order.