■ CAROLYN VON SEELEN, Respondent, v MARTHA D. NICHOLS et al., Defendants, and EILEEN YOUNG, Appellant. — In a defamation action, defendant Young appeals (1) from so much of an order of the Supreme Court, Nassau County (Roncallo, J.), dated September 18, 1980, as denied her motion to dismiss the complaint and (2) from a further order of the same court, dated November 10, 1980, which denied her motion, in effect, to reargue. Appeal from the order dated November 10, 1980 dismissed, without costs or disbursements. No appeal lies from the denial of a motion to reargue. Order dated September 18, 1980 modified, on the law, by adding to the first paragraph thereof, after the word "denied", the following: "except that the motion by defendant Young is granted to the extent that the second cause of action is dismissed as to her." As so modified, order affirmed insofar as appealed from, without costs or disbursements. Although appellant's motion sought dismissal of the complaint pursuant to CPLR 3211 (subd [a], par 7), both parties to the appeal treated the motion as one for summary judgment and at argument of this appeal agreed that they had done so. Under such circumstances, we will deal with the motion as one seeking summary judgment. (See, e.g., *Gibney v Gibney,* 78 AD2d 647, 648; *Maybrown v Malverne Distrs.,* 57 AD2d 548, 549, mot for lv to app den 42 NY2d 804.) Appellant contends that her motion should have been granted because plaintiff's opposing papers tend to show only that appellant "identified" the woman who had taken the wood as plaintiff and not that appellant spoke the specific words alleged in the complaint, "Mrs. Von Seelen stole wood." We reject this contention and hold that there is a fact issue as to whether appellant committed slander by extrinsic fact. That is, even if the words appellant may have used in making the claimed identification of plaintiff were not slanderous on their face, plaintiff has sufficiently shown, for the purposes of this motion, that the context in which the identification was

allegedly made gave a defamatory meaning to the words. (See *Riley v Gordon*, 192 App Div 443; cf. *Hinsdale v Orange County Pubs.*, 17 NY2d 284 [libel by extrinsic fact]; see, generally, 2 PJI 3:24, 3:25; 1 Seelman, Law of Libel and Slander [rev ed], ch 2; 2 Seelman, ch 14, par 79). Appellant also contends that she is entitled to summary judgment on the ground of qualified privilege. While we agree that there are instances in which there is a conditional privilege to communicate defamatory matter to another private citizen (see Restatement, Torts 2d, § 598 and comment *f* thereto; cf. *Shapiro v Health Ins. Plan of Greater N. Y.*, 7 NY2d 56), we are unable, on these papers, to determine whether appellant, if she did communicate the defamatory matter here involved, enjoyed such a privilege and, if so, whether she exceeded the scope of the privilege. Our inability to make these determinations arises from the fact that appellant has not set forth to whom, if anyone, she communicated the defamatory matter and under what, if any circumstances. In her affidavit, she simply denied that she identified the woman who took the wood or that she spoke the words attributed to her in the complaint. We do, however, agree with appellant's contention that the second cause of action should be dismissed. That cause of action alleges that the named defendants "wrongfully identified the plaintiff Carolyn Von Seelen as the person who allegedly stole wood". It does not specify what, if any, harm flowed from the wrongful identification. Under the circumstances of this case, the second cause of action alleges no tort separate from the tort of slander alleged in the first cause of action. (Cf. *Jestic v Long Is. Sav. Bank*, 81 AD2d 255.) The second cause of action is therefore dismissed. We have examined appellant's other contentions and find them to be without merit. Titone, J. P., Lazer, Weinstein and Thompson, JJ., concur.