### J. L. CHEATHAM *v.* J. W. PATTERSON.

### (*Nashville.* December Term, 1911.)

1. **LIBEL AND SLANDER.** Charge of selling intoxicating
   liquors is not per se slanderous.

   A declaration in an action of slander, alleging, in the first count,
   that defendant said he had bought beer from plaintiff at his
   store, and, in the second count, that defendant said that he was
   satisfied plaintiff was selling whisky, and, in another count,
   that defendant said he had orders from the company which
   employed him "for the hands not to trade with" plaintiff,
   because they were purchasing whisky from him, is insufficient
   to show actionable slander, by a colloquium simply imputing
   to plaintiff unlawful sales of liquor, without stating such facts
   and circumstances under which the words were spoken and
   the situation of the parties, as would constitute a charge of
   an indictable offense involving moral turpitude, because the
   plaintiff must affirmatively show that the sales imputed to
   him were unlawful and indictable at the time the words were
   spoken, either from the words imputed to defendant, or by a
   colloquium stating the facts and circumstances under which
   the words were spoken and the situation of the parties; for
   all sales of intoxicating liquors are not unlawful in this State.
   (*Post, pp.* 439-444.)

   Case cited and approved: Kelly v. State, 123 Tenn., 516.

2. **SAME.** Special damages must be averred, if the words are
   not actionable per se.

   Where no special damages are averred, the words, alleged to have
   been spoken, must be actionable *per se*, to entitle the plaintiff
   to a recovery. (*Post, p.* 440.)

   Cases cited and approved: Smith v. Smith, 2 Sneed, 473; Rodgers
   v. Rodgers, 11 Heisk., 757.

Cheatham v. Patterson.

3. **SAME.** Declaration must state such extrinsic circumstances as will connect the plaintiff with the alleged defamatory matter.

Where the alleged defamatory words are indefinite or ambiguous, and do not of themselves show that the plaintiff was meant, the declaration must state such extrinsic facts and circumstances as will connect the plaintiff with the alleged defamatory matter. (*Post, pp.* 440, 441.)

Cases cited and approved: Williams v. Karnes, 4 Humph., 10; Smith v. Smith, 2 Sneed, 473; Onslow v. Horne, 3 Wils., 177.

---

FROM MAURY.

---

Appeal from the Circuit Court of Maury County to the Court of Civil Appeals, and by *certiorari* from the Court of Civil Appeals to the Supreme Court.—W. B. TURNER, Circuit Judge.

HATCHER & HATCHER, for plaintiff in error.

PEEBLES & FORGERY, for defendant in error.

---

MR. JUSTICE LANSDEN delivered the opinion of the Court.

Patterson brought this suit in the circuit court of Maury county against the defendant, Cheatham, for $5,000 for oral slander. There was a trial before the circuit judge and a jury, which resulted in a verdict of $375 in favor of the plaintiff, which, upon the suggestion of the court, was remitted to $250, for which judgment

was rendered. The defendant appealed to the court of civil appeals, and that court reversed the judgment and remanded the case for a new trial for certain errors committed by the trial judge in his charge. The case is before us for review on a petition for writs of *certiorari* filed by both parties to the judgment of the court of civil appeals.

The alleged slanderous words laid in the first count are that Cheatham "had bought beer from him (Patterson) at his (Patterson's) store," and in the second count that he (defendant) was satisfied that he (plaintiff) "was and had been selling whisky," and in the fifth count that he (defendant) "had orders from the company for the hands not to trade with him (plaintiff) because they were purchasing whisky from him (plaintiff.)" The third and fourth counts are not before us.

All that can be gathered from the colloquium set out in the first count of the declaration with respect to the alleged sale of beer is that the defendant falsely and maliciously charged the plaintiff with the violation of a criminal law of the State by speaking the words set out of and concerning him in the presence of divers persons. Likewise, all that is shown in the declaration concerning the speaking of the words to the effect that defendant was satisfied that the plaintiff was and had been selling whisky is the averment that the charge was falsely and maliciously made and imputed to the plaintiff an unlawful act. With respect to the last words quoted above, as laid in the fifth count, it is averred that the defendant falsely and maliciously charged the plaintiff with selling

whisky without a license, by speaking these words of and concerning him, and, further, that the defendant is foreman of section 9 of the Nashville, Chattanooga & St. Louis Railway, and has charge of the section hands employed on that section; that plaintiff is a merchant doing a general merchandising business at Park Station, in Maury county, Tenn., which is within four miles of a schoolhouse, and defendant's section of railroad is near Park Station. The language set out in the fifth count of the declaration is wholly ambiguous. From the words averred, it cannot be told whether the defendant said that the company had informed defendant that its hands were purchasing whisky from plaintiff, and that this was given as the reason for issuing the order prohibiting the hands from trading with plaintiff, or whether it was meant that the defendant had imputed this to plaintiff. The declaration does not aver any fact or facts which will remove this ambiguity.

The question presented for determination is whether any of the alleged slanderous words averred in the declaration are actionable *per se*. No special damage is averred, and before the plaintiff can maintain his action the words alleged to have been spoken must be actionable *per se*. *Rodgers* v. *Rodgers,* 11 Heisk., 757; *Smith* v. *Smith,* 2 Sneed, 473.

It is also a well-settled rule of practice that if the alleged defamatory words are indefinite or ambiguous, and do not of themselves show that the plaintiff was meant, the pleadings must state such extrinsic facts and circumstances as will connect the plaintiff with the al-

leged defamatory matter. Am. & Eng. Ency. of Pl. & Pr., vol. 13, p. 40. The same authority lays down the rule that, if the words used are of doubtful significance or ambiguous, it is essential that the pleadings show in what sense they are used, and apply to them the proper meaning. But the pleader cannot introduce new matter, nor enlarge, extend, or change the natural sense or meaning of the alleged defamatory words.

Until the case of *Smith* v. *Smith*, 2 Sneed, 473, it was the rule in this State that the common law gave no action for mere defamatory words, unless producing special damage, and confined the action of slander to such grosser words as impute positive crime. *Williams* v. *Karnes*, 4 Humph., 10. In that case the rule was extended to include cases where the charge "imputes an offense, whether a crime or misdemeanor, involving moral turpitude, and for which an indictment or presentment will lie, then the words that impute it are in themselves actionable." The court quoted with approval from Chief Justice De Grey in *Onslow* v. *Horne*, 3 Wils., 177, as follows:

"The rule is that the words must contain an express imputation of some crime liable to punishment, some capital offense, or other infamous crime or misdemeanor, and the charge upon the person spoken of must be precise."

In direct connection with the rule stated, the court adopted the definition of moral turpitude, as given by Mr. Webster, to be "inherent baseness or vileness of principle in the human heart; extreme depravity."

In *Smith* v. *Smith,* supra, it was determined that words imputing to plaintiff the sale of intoxicating liquors to slaves on Sunday were slanderous and actionable *per se,* for the reason that such sales were made for petty gain to ignorant and dependent slaves, who were the property of their masters, which was an offense indictable and punishable under the laws of this State, as also was the sale of whisky on Sunday. The court does not say in that case that selling whisky generally involves moral turpitude, in such a sense as to make defamatory words charging a sale actionable *per se.*

It was held in *Williams* v. *Karnes* that a charge that plaintiff altered the earmark of defendant's hog from defendant's to plaintiff's, or procured it to be done, was not actionable *per se,* in the absence of an averment that the mismarking was done for the purpose of fraudulently appropriating the property. This holding was based upon the principle that the offense of mismarking was not at that time indictable, or, if indictable, was not subjected to corporal or infamous punishment, and therefore the imputation of the offense does not amount to verbal slander, without allegation and proof of special damages.

All sales of intoxicating liquors are not unlawful within this State. So, if it be conceded that selling intoxicating liquors involves moral turpitude within itself, there is nothing in the words imputed to defendant, either standing alone or in connection with the averments of the declaration, which shows that plaintiff was charged with a crime. It has recently been held

by this court that many sales of intoxicants may be lawfully made within four miles of a schoolhouse where school is kept. *Kelly* v. *State,* 123 Tenn., 516, 132 S. W. 193.

Sales for all nonbeverage purposes, such as medicinal, scientific, culinary, and the like, are lawful. Likewise, it was necessary for the declaration to show that the words spoken of plaintiff meant that plaintiff had made unlawful sales of intoxicating liquors within twelve months from the time the words were spoken. If the plaintiff had made sales unlawfully, but more than twelve months before the defendant accused him thereof, he would be guilty of no indictable offense punishable under the law. It was necessary for the plaintiff to affirmatively show, either from the words imputed to the defendant, or by a colloquium stating the circumstances under which the words were spoken and the situation of the parties, that the sale imputed to him was unlawful. General words imputing a sale, which may be lawful or unlawful, are not actionable *per se.* The court will indulge no presumption to supplement the case stated in the declaration. The plaintiff must state a case, in actions for oral slander, which clearly shows that defendant imputed to him an indictable offense involving moral turpitude, which is punishable under the law. Every element of the offense must be embraced within the words alleged to have been spoken of and concerning the plaintiff, or it must be shown by proper averments that their clear meaning was of that effect, and that they were spoken in such a way that bystanders so

understood them. Am. & Eng. Ency. of Pl. & Pr., vol. 13, p. 57, and authorities there cited. The rule is thus stated in 25 Cyc., pp. 439, 440:

"Where defamatory matter imputing a crime is published in terms *prima facie* actionable and unequivocally expressive of the essential ingredients of the crime alleged to be charged, no prefatory averment of extraneous facts is required. But where the imputation does not *per se* import criminality, and depends on extrinsic facts to explain it, these facts must be set forth, and connected with the defamatory words by a colloquium, so as to show that a crime was charged. If the words may be understood in a sense not criminal, and there is no colloquium to show that they were spoken in a criminal sense, they are not actionable."

The writ of *certiorari* is allowed, and the judgment of the court of civil appeals, reversing the judgment of the circuit court and remanding the case for new trial, is reversed, the demurrer sustained, and the suit dismissed, at plaintiff's cost.