EDWARD B. SMITH, Plaintiff in Error,

*v.*

CARL R. FIELDEN, Defendant in Error.

(*Knoxville*, September Term, 1958.)

Opinion filed June 5, 1959.

314

Frank B. Creekmore and Marne S. Matherne, Knoxville, for plaintiff in error.

Hodges & Dougherty, Knoxville, for defendant in error.

MR. JUSTICE SWEPSTON delivered the opinion of the Court.

Edward B. Smith, hereinafter called plaintiff, sued Carl R. Fielden, hereinafter called defendant, for damages in an action of slander. The declaration was dismissed on demurrer and hence the appeal directly to this Court.

The declaration as amended contains the following two paragraphs:

"1. The plaintiff sues the defendant for Fifteen Thousand ($15,000) as damages for falsely and maliciously charging the plaintiff with drunkenness and with driving an automobile while under the influence of an intoxicant, by speaking of and concerning him in the presence of divers persons on the 20th day of July, 1957, in substance as follows:

" 'You are drunk. Are you going to pay for my automobile? If you are not, I am going to call the police. You are drunk, and you were driving that car under the influence.'

"2. The plaintiff further avers that he holds a responsible position of trust and confidence with a local daily newspaper that has a wide circulation over the East Tennessee area, and that the said wrongful and malicious defamation hereinabove complained of has not only jeopardized and damaged his position with his employer but has also jeopardized and damaged his position of trust and confidence with the daily subscribers and readers of said newspaper and his professional acceptability by the

subscribers and readers of the newspaper with which he is connected..

\* \* \* \* \* \*

To the declaration the defendant demurred on the following grounds:

[1] The statement attributed to him is not slanderous and hence not actionable *per se;*

[2] Failure to allege that the utterance was heard by or made known to plaintiff's employer;

[3] Failure to state in what way his position of trust and confidence has been jeopardized and damaged with either his employer or the daily subscribers of his newspaper;

[4] Failure to allege in what way his position of trust and confidence and his professional acceptability to said subscribers and readers has been jeopardized and damaged;

[5] All of the allegations contained in the second paragraph of the declaration are legal conclusions not supported by averments of fact.

The court sustained the demurrer on the first above stated ground.

The assignments of error are in substance as follows:

[1] The words ''You were driving that car under the influence'' imputed to plaintiff an offense punishable under the statutes of Tennessee;

[2] The same statement prejudiced the plaintiff in his profession;

[3] The statement "You are drunk" prejudiced the plaintiff in his profession.

Hence it was error for the trial judge to sustain the demurrer on the ground that said words were not actionable *per se.*

[4] Assuming the trial judge intended to sustain the demurrer on its first ground, it was error for him to sustain the other four grounds.

In support of the first assignment of error, plaintiff relies upon T.C.A. sec. 59-1031 which reads as follows:

"It shall be unlawful for any person or persons, while under the influence of an intoxicant, or while under the influence of narcotic drugs, or while under the influence of barbital drugs, to drive or be in physical control of any automobile or other motor driven vehicle on any of the *public roads and highways* of the state of *Tennessee,* or on any of the *streets or alleys* of any *city or town in the state.*"

If for the sake of discussion we take the words "You are driving under the influence" in connection with the statement that "You are drunk", the common and ordinary accepted meaning would be that it was intended to state that the defendant was under the influence of intoxicating liquor. This assignment can not be sustained, however, for the following reasons:

(a) The statement does not imply that defendant was operating his automobile upon a public highway or a street or an alley; nor does it imply that said automobile was being operated in the State of Tennessee; insofar as the language used goes, the incident may have occurred on a private driveway, a private lane or roadway or a

private field, or it may have occurred in some other state. Therefore, the quoted statute is not made to appear to have been violated.

(b) Drunkenness, unless committed publicly, is not a crime or punishable offense. *Inman v. State,* 195 Tenn. 303, 259 S.W.2d 531.

As a general rule, it is not actionable to charge a man generally with being drunk, or being in the habit of getting drunk, or having been drunk unless it amounts to a charge of crime or is made in direct relationship to the person's profession, business, trade or calling. 33 Am. Jur., 50, Sec. 23; 53 C.J.S. Libel and Slander sec. 20, p. 66.

With reference to a charge of crime, in *Smith v. Smith,* 34 Tenn. 473, it is explained that in a generic sense all violations of public law are crime but at common law the classes for which an indictment, presentment or impeachment will lie are divided into two: felonies and misdemeanors. The rule in this State as to slander is stated thus: "We conclude, that where the charge imputes an offense, whether a crime or a misdemeanor, involving moral turpitude, and for which an indictment or presentment will lie, then, the words that impute it are in themselves actionable."

In further clarification, it is said: "All felonies are, of course, included; and as to misdemeanors, such only are included as involve moral turpitude."

Moral turpitude is defined in *Huckaby v. Winchester,* 7 Tenn.Civ.App. 66.

The question of special damages in the plaintiff's profession is discussed later herein.

With reference to the charge that the averments were made in the presence of divers persons, it would seem that unless the charge of *public* drunkenness was made to divers persons, it would not be slanderous for reasons heretofore stated, so far as charging crime is concerned.

We hold, therefore, that the words do not charge a crime and are not actionable *per se* and hence the first assignment is overruled.

Any one interested in a diverting interlude may read the case of *Torres v. Huner,* 150 App.Div. 798, 135 N.Y.S. 332, 333.

■ Assignments 2, 3 and 4 will be treated together, as they refer to alleged prejudice and damages in the plaintiff's profession. Although words may not amount to a charge of crime so as to be actionable in that regard, yet defamatory words falsely spoken of a party which are prejudicial to his calling and which have reference to his calling either expressly or by necessary implication are actionable. *Continental National Bank of Memphis v. Bowdre,* 92 Tenn. 723, 23 S.W. 131; 33 Am. Jur., 80, Sec. 63; 53 C.J.S. Libel and Slander sec. 32, p. 75; *Fry v. McCord,* 95 Tenn. 678, 33 S.W. 568.

■ If the relationship of the slanderous words to the calling or profession appears from an inspection of the words themselves, they are said to be libelous *per se;* general damages are presumed, such as injuries to character, reputation, feelings, etc., and the general effect upon plaintiff's business. 53 C.J.S. Libel and Slander sec. 264 et seq., p. 381.

■ If the words are not actionable *per se,* or are ambiguous, the relationship to the person's calling may be

shown by innuendo showing the surrounding circumstances giving the intended meaning to the words with reference to the calling; but the innuendo can not enlarge or restrict the natural meaning of words, introduce new matter, or make certain that which is uncertain, or render a publication actionable *per se* if it is not otherwise so actionable. 53 C.J.S. Libel and Slander sec. 162(b), p. 250.

In *Fry v. McCord Bros.*, supra, 95 Tenn. at page 685, 33 S.W. at page 570, quoting from Newell on Defamation, the limitation is expressed in these words:

> "In such cases the words are said to require an innuendo; that is, a statement of circumstances which give to the words a signification and meaning which they do not have on their face, but which cannot enlarge, extend, or change the sense of the words. * * *"

A further qualification stated in the above case is that if the words are not slanderous *per se,* then they are not actionable in the absence of allegation of special damages and without same the suit must be dismissed. Gilreath's Caruthers History of a Lawsuit, p. 164, sec. 145.

Judge Gilreath points out that a recovery of special damages can not be had, either in slander or libel and whether the words be actionable *per se* or not, unless such damages are specially and particularly alleged in the declaration, so that the defendant will be put on notice and be prepared to contradict them if true, citing the above case.

It is clearly pointed out in the Fry case, supra, that special damages mean just exactly what the term

indicates. That is, the pleader must be specific as to the amount of money lost or the amount of decline in business, the names of the individuals who have ceased to deal with plaintiff, etc.

 In the light of the foregoing well established rules of law, it becomes obvious that said words are not slanderous *per se* with reference to the calling of the plaintiff; that they can not be made so by innuendo; both, for the reason that the words spoken had no reference whatever in any way to the plaintiff's business. They were obviously spoken with reference to automobile damage and the alleged responsibility therefor. We are unable to conceive of any surrounding circumstances that might be brought out by innuendo that could connect words with the plaintiff's calling, without enlarging the meaning of the words spoken.

Likewise, it is obvious that, since the words are not libelous *per se*, even if an innuendo were appropriate, still there are no allegations of special damages.

Wherefore, all assignments of error are overruled and the judgment below affirmed.

BURNETT, JUSTICE, not participating.