WILLIAM DUNNEBACKE, Plaintiff in Error,

*v.*

WEBB WILLIAMS, Defendant in Error.

381 S.W.2d 909.

(*Nashville,* December Term, 1963.)

Opinion filed September 4, 1964.

582

MacFarland & Colley, Columbia, for plaintiff in error.

J. Shelby Coffey, Jr., W. A. Richardson, Columbia, for defendant in error.

Mr. Justice Holmes delivered the opinion of the Court.

The plaintiff in error, William Dunnebacke, instituted an action for slander against the defendant in error, Webb Williams. Two amendments to the declaration were filed and later, by order of the Court, the plaintiff in error was allowed to withdraw the original declaration and amendments and file a substitute declaration. There was a demurrer to this declaration which was sustained in the Trial Court. An appeal from this action of the Trial Court has been duly perfected.

The averments of the declaration insofar as material to the questions raised by the plaintiff in error in this Court are:

"* * * on August 20, 1963, at a regular meeting of the Board of Mayor and Commissioners of the City of Mt. Pleasant in the City Hall at Mt. Pleasant, Maury County, Tennessee, the defendant, Mayor of the City of Mt. Pleasant, did say in the presence of divers persons, of and concerning the plaintiff, that the plaintiff should be discharged as City Manager of Mt. Pleasant, Tennessee. At that time the defendant had sought to find a certain paragraph in a portion of the minutes of the City of Mt. Pleasant, and after being unable to find such, stated that the plaintiff, William Dunnebacke, City Manager for Mt. Pleasant, should be dismissed from his office, at which time the plaintiff asked to be informed upon which grounds his dismissal was being requested. At this time the defendant in the presence of many persons did say, 'For taking a page from the minute book, altering the minutes and for lying'. Plaintiff avers that the minute book referred to was the official minute book of the Board of Mayor and Commissioner for the City of Mt. Pleasant, Tennessee. Plaintiff avers that said statement by the defendant was false and malicious and without justification and cause."

The declaration further alleges that said slanderous remarks set forth above charged a crime under the provisions of T.C.A. secs. 39-1942 and 39-4207 and "plaintiff avers that the violation of the above mentioned sections of Tennessee Code Annotated constitutes a felony, and the false and slanderous accusations of the violation of such statutes" constitute slander *per se*.

The declaration further states that "as a result of such unfounded, false and malicious statements made of

and concerning him by the defendant as aforesaid, his reputation and good name has been slandered, he has suffered mental anguish and has suffered indignity which materially affects his standing in the community, all as a result of the aforementioned slander which was without cause or justification.'' The grounds of the demurrer are:

"(1) The alleged words were absolutely privileged.

"(a) Because the declaration shows on its face the alleged defamatory words were spoken and published during a regular meeting of the Board of Commissioners of the municipality and as a part of its procedings by the Mayor of the municipality and in reference to matters connected with and related to the welfare of the city.

"(b) Because the declaration shows the words complained of were spoken and published by the duly elected Mayor of the City to the City Manager in the due course of a legislative proceding in reference to the official conduct of the plaintiff as City Manager in a regular monthly meeting of the Board of Commissioners and the statements were made between public officials pertaining to their official duties in due course of a legislative proceding.

"(c) Because the declaration shows on its face that the alleged defamatory words were spoken and published in answer and reply to a direct question directed to defendant by plaintiff and the answer of defendant did not go beyond the question asked of defendant by plaintiff and therefore was absolutely privileged.

"(2) The declaration does not allege that the words were unprivileged.

"(3) That the words do not impute an offense, either a crime or misdemeanor, involving moral turpitude, and for which an indictment or presentment will lie, and, therefore, the alleged defamatory words are not slanderous or actionable *per se*.

"(4) The declaration does not allege special damages."

The order of the Trial Court does not state what ground or grounds of this demurrer were sustained. There is one assignment of error in this Court, namely:

"The Court erred in sustaining defendant's demurrer to plaintiff's declaration as amended."

The contentions of the plaintiff in error in support of this assignment of error are stated in his brief, as follows:

"* * * (1) the privilege afforded to members of a city council is qualified and not absolute; (2) that the words uttered by the defendant in this case constituted accusations of a crime involving moral turpitude and violation of the Sections of the Tennessee Code set out above and as such constitute libel or slander per se, thus, not requiring the plaintiff to allege or show any actual or special damages; and (3) that the question of the defendant inquiring upon what grounds he was being discharged, did not constitute consent or invitation to the remarks made by the plaintiff in answer to such question; or should it be found that such question did constitute consent or invitation, the

defendant maliciously and without reasonable grounds exceeded the privilege that he might have had to answer this question."

■ In Tennessee, and in ·most jurisdictions, if the words spoken are not slanderous *per se,* then they are not actionable in the absence of allegation of special damage and without same the suit will be dismissed. *Smith v. Smith,* 34 Tenn. 473, 477-479; *Rodgers v. Rodgers,* 58 Tenn. 757, 758; *Cheatham v. Patterson,* 125 Tenn. 437, 440, 145 S.W. 159; *Smith v. Fielden,* 205 Tenn. 313, 321, 326 S.W.2d 476; 53 C.J.S. Libel and Slander sec. 170 c, pp. 269, 270.

■■ Words which charge plaintiff with a felony or with a misdemeanor involving moral turpitude are actionable *per se. Smith v. Smith,* supra, and *Smith v. Fielden,* supra. Here the declaration alleges that the words spoken by defendant charged plaintiff with committing a felony because of the provisions of T.C.A. sec. 39-1942 and 39-4207. T.C.A. sec. 39-1942 provides that any person who "takes or destroys any of the articles embraced in sec. 39-4207 *with the intent to injure or defraud,* shall be punished as if guilty of larceny." (emphasis supplied) T.C.A. sec. 39-4207 relates to felonious stealing or taking by robbery any public records or valuable papers and among the "articles embraced" in this Section is "public record". It is to be noted that in order to constitute an offense under T.C.A. sec. 39-1942, the public record must be taken or destroyed with the *intent to injure or defraud.*

"A demurrer admits only facts that are well pleaded and reasonable inferences of fact but not deductions,

inferences and conclusions of law." *In re Eppinger's Estate,* 207 Tenn. 53, 57, 336 S.W.2d 28, 30.

■ The declaration shows that the City of Mt. Pleasant is governed by a Board of Commissioners and Mayor with a City Manager. The charter for this form of city government is provided by general law. (Tennessee Code Annotated, Title 6, Chapters 18 to 23 inclusive) T.C.A. sec. 6-2108 requires the City Manager to "supervise and control the work of the recorder" who, under T.C.A. sec. 6-2117, has custody of the "public records" and "minutes of the board of commissioners". Charging the City Manager with "taking a page from the minute book, altering the minutes" cannot be said to amount to a charge of taking or destroying a public record with intent to injure or defraud. The alleged words spoken by the defendant do not state with what intent the plaintiff was charged with taking a page from the minute book or altering the minutes.

In *Cheatham v. Patterson,* supra, at pages 443 and 444 of 125 Tenn., at page 160 of 145 S.W., the Court stated:

"* * * The court will indulge no presumption to supplement the case stated in the declaration. The plaintiff must state a case, in actions for oral slander, which clearly shows that defendant imputed to him an indictable offense involving moral turpitude, which is punishable under the law. Every element of the offense must be embraced within the words alleged to have been spoken of and concerning the plaintiff, or it must be shown by proper averments that their clear meaning was of that effect, and that they were spoken in such a way that bystanders so understood them."

In that case, the declaration alleged that Cheatham stated Patterson was and had been selling whiskey and he, Cheatham, had orders from his company for the hands working for that company not to trade with Patterson because they were purchasing whiskey from him. The Court pointed out that all sales of whiskey were not unlawful in Tennessee at that time because sales for non-beverage purposes "such as medicinal, scientific, culinary, and the like, are lawful." Therefore, the Court held the words spoken did not charge the plaintiff with a crime and were not actionable *per se.*

In *Smith v. Fielden,* supra, the words published by the defendant concerning the plaintiff were, "You are drunk, and you were driving that car while under the influence." The Court held these words did not charge the plaintiff with an indictable offense because the words did not charge the plaintiff with driving a car while under the influence of an intoxicant on any of the public roads and highways of the State of Tennessee or on any of the streets or alleys of any city or town in the State, as required by T.C.A. sec. 59-1031 in order to make out the offense of driving while under the influence of an intoxicant.

■ Since the words alleged include a charge of "lying", it is relevant to note what must be alleged to make a charge of falsehood or false swearing actionable *per se.* In 33 Am.Jur., Libel and Slander, Section 32, Page 57, it is stated:

"* * * It has been held that a statement that one has been 'hired to swear' falsely, or that 'he swore a lie,' is not in itself sufficient to warrant the inference that a charge of perjury has been made. Also, a declaration

that one is foresworn has been held insufficient to warrant an action, although the rule is otherwise if the statement is that one is perjured. The distinction is based on the ground that swearing to a lie does not necessarily imply that the party has perjured himself. It may mean that he has sworn to a falsehood, without being conscious at the time that it was a falsehood, and the words are actionable only when they convey the charge of perjury in a clear, unequivocal manner, admitting of no uncertainty.''

The rule stated in the above quoted text was applied by this Court in *McAnally v. Williams*, 35 Tenn. 26. In that case, the charge made by the defendant against the plaintiff was in substance that the plaintiff while acting as a grand juror had foresworn himself in failing or refusing to make a presentment against one for illegal voting, of which offense the plaintiff had personal knowledge. In holding that these words did not charge the plaintiff with a crime, the Court stated:

''It is true that the oath of a grand juror imposes upon him an obligation to make presentment of all such criminal offenses within his knowledge as are cognizable by the court. The neglect or refusal to do so is highly immoral and censurable; but we are not aware of any principle or authority upon which it can be held to constitute legal *perjury*. The present action cannot, therefore, be maintained upon the assumption that the words import a charge of *felony*.''

The general rule with reference to a charge of falsehood in slander cases is stated as follows in 53 C.J.S. Libel and Slander sec. 21, page 66:

"Oral imputations of falsehood generally are not actionable per se, and may be actionable only where they occasion special damages."

Under the authorities referred to above, the alleged slanderous words do not go far enough to charge the plaintiff with a violation of the statutes set forth in the declaration for they wholly fail to charge an essential element of the offense under those statutes, namely the intent with which the act was done, and this is true independent of any charter provisions such as those referred to above giving the City Manager control over the minute books. It is not every taking of a page from the minute book that is made a crime. A removal by inadvertance or for any purpose other than to defraud or injure is not prohibited by the statute. The fact that the City Manager was charged with removing a page doesn't charge him with doing so fraudulently and omits an essential ingredient of the offense made criminal by the statute.

The only basis upon which plaintiff contends that the words are actionable *per se* is that they charge the plaintiff with a felony. Since they do not charge the plaintiff with a felony, the words are not actionable *per se,* and, in the absence of an allegation of special damages, the declaration for this reason fails to state a cause of action. In the brief it is not contended that the declaration alleges special damages, nor could such a contention be sustained. The rule in this State for alleging special damages is stated in *Smith v. Fielden,* supra, at 321 and 322 of 205 Tenn., at page 480 of 326 S.W.2d, as follows:

"It is clearly pointed out in the Fry case, supra, (*Fry v. McCord,* 95 Tenn. 678, 688, 689, 33 S.W. 568) that

special damages mean just exactly what the term indicates. That is, the pleader must be specific as to the amount of money lost or the amount of decline in business, the names of the individuals who have ceased to deal with plaintiff, etc."

Since no special damages are alleged and the words are not actionable *per se,* it is unnecessary for us to discuss the other questions raised by the parties on this appeal.

It results that the action of the Trial Judge in sustaining the demurrer is affirmed at the cost of the plaintiff in error.